United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Albert Gerald Cole, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-22734-Civ-Scola |
| | ) |
| Larry R. Handfield, Defendant. | ) |

### Order Granting Motion for Leave to Proceed *In Forma Pauperis* and Striking Complaint

This matter is before the Court upon pro se Plaintiff Albert Gerald Cole's application to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Cole's motion to proceed without prepaying his fees or costs (**ECF No. 3**); however, at the same time, the Court **strikes** his complaint, **with leave to amend**, for the reasons set forth below.

In his complaint, Cole says that Defendant Larry R. Handfield, his former attorney, breached their agreement and committed legal malpractice in handling Cole's case. (Compl., ECF No. 1.) Cole says he paid Handfield $50,000, altogether, to represent him in two criminal matters, and that he is entitled to a refund of $30,000. (Compl. at 7.)

28 U.S.C. § 1915(e)(2)(B) confers discretion on a district court to dismiss an *in forma pauperis* action if certain defects are evident from the complaint:

> Notwithstanding any filing fees, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

"A complaint is 'frivolous' under § 1915 where there is no subject matter jurisdiction." *Jackson v. Lehern McGovern Bovis, Inc.*, 1:16-CV-02987-CAP, 2017 WL 11144693, at *2 (N.D. Ga. Feb. 13, 2017), *report and recommendation adopted,* 1:16-CV-2987-CAP, 2017 WL 11150834 (N.D. Ga. Mar. 3, 2017) (citing *Davis v. Ryan Oaks Apartment,* 357 Fed. App'x 237, 238–39 (11th Cir. Dec. 17, 2009) and *Pratt v. Sumner,* 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking)).

A party seeking to invoke a federal court's diversity jurisdiction, as Cole

does here, must allege facts that show that federal subject-matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Those allegations, when federal jurisdiction is invoked based upon diversity, must include facts sufficient to show that the parties are diverse—meaning that the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "complete diversity of citizenship" meaning no one on either side can be a citizen of the same state. *Carden v. Arkoma Assocs.*, 494 U.S.185, 187 (1990). Based on the record before it, the Court does not find the facts as alleged show that the parties are diverse and therefore is unable to assure itself that it has subject-matter jurisdiction over this case.

Because of this deficiency, the Court strikes Cole's complaint. If Cole believes he can allege, *in good faith*, facts establishing the Court's subject-matter jurisdiction, he must file an amended complaint on or before **August 23, 2021**. Cole is forewarned that if he fails to timely comply with this order, his complaint will be dismissed without further leave to amend.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions, not including Cole's motion to proceed *in forma pauperis*, are **denied as moot**.

**Done and ordered**, in Miami, Florida, on July 30, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy, via U.S. mail, to*:
**Albert Gerald Cole**
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125